# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1304 | **DATE** | 7/21/2011 |
| **CASE TITLE** | Triteq Lock & Security LLC vs. Innovative Secured Solutions, LLC, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's Motion for Leave to File Second Amended Pleadings [121] is granted. Plaintiff's initial Motion for Leave to File Second Amended Pleadings [105] is denied as moot. Defendants' Motion for Abstention Pursuant to the Colorado River Doctrine [55] is denied as moot.

■ [ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court is Plaintiff Triteq Lock & Security LLC's ("Plaintiff") motion for leave to file a second amended complaint. For the following reasons, Plaintiff's motion is granted.

As set forth in the Amended Complaint, Plaintiff competes with Defendant Innovative Secured Solutions ("ISS") in the design and manufacture of various lock systems. Defendant Gary L. Myers ("Myers"), formerly president and minority partner of Plaintiff, is the founder and principal director of ISS. Defendant Michael A. Cohen ("Cohen") is a former senior engineer with Plaintiff, currently employed as ISS's engineering director.

On November 9, 2009, Plaintiff filed a complaint in Illinois state court. On February 15, 2010, Plaintiff filed the instant federal complaint. The Magistrate Judge granted Plaintiff leave to amend the federal complaint on September 23, 2010. The amended complaint alleges violations of the Computer Fraud Abuse Act, 18 U.S.C. § 1030 et seq., misappropriation of trade secrets under the Illinois Trade Secrets Act, 765 ILCS 1065/1 et seq., breach of fiduciary duty, breach of contract, declaratory judgment of patent ownership, conversion, tortious interference, unfair competition, and usurpation of corporate opportunity. The state complaint, while not identical, contains many of the same claims. The pretrial scheduling order is set forth in a Joint Proposed Scheduling Plan [11] agreed to by the parties in May of 2010.

On October 15, 2010, Defendants filed a motion to stay the federal litigation pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). The Colorado River motion was fully briefed as of February 3, 2011. Also on February 3, Plaintiff filed a motion for leave to file a second amended complaint in order to add a copyright infringement claim and amend its declaratory judgment of patent ownership claim. On February 18, 2011, the parties advised the Magistrate Judge that they had retained a mediator to facilitate settlement discussions and the Magistrate Judge stayed discovery on that day. Settlement negotiations with the mediator continued over the following months but the parties were unable to settle. On June 8, 2011, the Magistrate Judge lifted the discovery stay. The next day, Plaintiff renewed its motion for leave to file a second amended complaint.

The parties agree that the pretrial scheduling order deadline for filing amended pleadings has passed. Motions to amend a pleading filed after the deadline in a pretrial scheduling order are governed by Federal Rules of Civil Procedure 15 and 16. Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." In making a good cause determination, the Court "primarily considers the diligence of the party seeking amendment." Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 424 F.3d 542, 553 (7th Cir. 2005) (quotation omitted); see also Alioto v. Town of Lisbon, No. 09-3921, 2011 WL 2642369, at *4 (7th Cir. July 7, 2011) ("[A]mong the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case moving toward trial." (quotation omitted)).

If good cause can be established under Rule 16(b), Rule 15(a) is then applied. Vitelo v. Brazzaz, LLC, No. 09-C-01051, 2010 WL 3273898, at *2 (N.D. Ill. Aug. 16, 2010). Rule 15(a) requires the Court's leave to amend a complaint at this point in the case and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Motions to amend under Rule 15(a) should be granted unless there is evidence of undue prejudice to the opposing party; undue delay, bad faith, or dilatory motive on the part of the movant; or if the proposed amendment is futile. See, e.g., Sides v. City of Champaign, 496 F.3d 820, 825 (7th Cir. 2007); Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007).

Plaintiff has shown good cause to amend under Rule 16(b). In Trustmark, the Seventh Circuit looked to whether the moving party "was, or should have been aware" of the "facts underlying" the claim prior to the deadline set in the scheduling order. 424 F.3d at 553. With respect to the proposed amended patent claim, Plaintiff contends that, through discovery responses received in January of 2011, it learned for the first time that "Defendants have fraudulently assigned the patent applications at-issue to third parties." Pl.'s Mem. in Supp. of Mot. for Leave to File Second Am. Compl. 3. With respect to the proposed copyright claim, Plaintiff alleges that, at Cohen's January 11, 2011 deposition, it learned for the first time that "Defendants published and disseminated Triteq's copyrighted drawings without Triteq's authorization." Id. Defendants do not contend that Plaintiff was, or should have been, aware of these facts prior to the deadline set in the scheduling order. Because the "diligence of the party seeking amendment" is the primary consideration, Plaintiff, on this record, has demonstrated good cause under Rule 16(b).

With respect to Rule 15(a), Defendants do not allege undue delay or futility; rather, they contend that this motion "must be denied, or held in abeyance, pending a ruling on the Defendant's Colorado River Doctrine Motion." Def.'s Resistance to Pl.'s Mot. for Leave to File Second Am. Compl. ¶ 1. Defendants allege bad faith and dilatory motive, arguing that Plaintiff's attempt to amend its pleading "is merely an effort to 'beef up' its patent/copyright claims in federal court in an effort to manufacture some federal issue." Id. ¶ 9.

The record does not support a finding of bad faith or dilatory motive by Plaintiff or undue prejudice to Defendants. A primary goal of the discovery process is the exchange of information in order to determine the facts underlying a suit. Discovery in this case has been slow and contested, with Plaintiff filing multiple motions to compel. As set forth above, Plaintiff acquired new evidence through discovery and then promptly sought leave to amend. Given these circumstances, there is nothing improper with Plaintiff's timely attempt to "beef up" its federal claims. Notably, Defendants do not argue that Plaintiff's proposed amendments lack merit. On this record, Plaintiff has satisfied the liberal requirements of Rule 15(a).

Because the Court grants Plaintiff's motion, Defendants' Colorado River motion is now moot. The Second Amended Complaint supersedes all previous complaints and controls the case from this point forward. See Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n. 1 (7th Cir. 2004); Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999).

For the foregoing reasons, Plaintiff's motion for leave to amend is granted.
IT IS SO ORDERED.